UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ANDREW BRIAN CLAY, : | |
|     Plaintiff, : | |
| : | |
| v. : | C.A. No. 17-506WES |
| : | |
| A.T. WALL, et al., : | |
|     Defendants. : | |

**MEMORANDUM AND ORDER – REDACTED VERSION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On October 17, 2018, Plaintiff Andrew Brian Clay filed a motion to appoint counsel and a motion for reasonable accommodation of disabilities. ECF Nos. 31 & 32. Both motions have been referred to me for determination.[1] 28 U.S.C. § 636(b)(1)(A). The motion to appoint counsel is the second such motion Plaintiff has filed. The first was denied by the Court on May 24, 2018. ECF No. 20. The motion for reasonable accommodation of disabilities essentially seeks the same relief – the appointment of an attorney or, alternatively, the appointment of an advocate to assist Plaintiff with *pro se* representation.

In support of the motions, through writings purportedly authored by an unnamed "novice jailhouse lawyer," ECF No. 33 at 1, Plaintiff alleges that he has severe cognitive disabilities, which were classified as "mental retardation" when he was a child, as well as attention deficit hyperactivity disorder ("ADHD"), dyslexia, chronic migraine, situational anxiety, difficulty comprehending, glossophobia and short-term memory loss when under stress. ECF Nos. 31 & 32. He also alleges that his mental health treatment currently includes prescribed psychotropic

---

[1] In interpreting the motions, the Court has been mindful of the leniency that should be afforded to the writings of all *pro se* litigants. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe *pro se* pleadings liberally in favor of *pro se* party); Rodi v. S. New England Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004); Diaz v. Wall, No. CV 17-94 WES, 2018 WL 1224457, at *2 (D.R.I. Mar. 8, 2018).

medication. To buttress the motion for reasonable accommodation, he claims that his mental impairments limit one or more of his major life activities and therefore qualify as disabilities pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA").

## I. BACKGROUND

At the Rule 16 conference in this case held on October 25, 2018, Plaintiff participated telephonically and acquitted himself effectively and well. Nevertheless, based on the pendency of these motions, with Plaintiff's consent, the Court directed Defendants to produce for *in camera* review records in their possession regarding Plaintiff's alleged mental and educational limitations. The purpose of the *in camera* review was to allow the Court to assess whether, despite Plaintiff's successful prosecution of the case so far,[2] including his competent participation in the Rule 16 conference, the records would confirm that Plaintiff's cognitive and intellectual deficits are as serious as he described them in the motion.

Based on the Court's review of these records, ███████████████████████████
███████████████████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████
████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████

---

[2] For example, proceeding *pro se*, Plaintiff successfully fended off Defendants' motion to dismiss. In his affidavit in support of the pending motions, Plaintiff denigrates this accomplishment, arguing that "[m]y serendipitous ability to keep my case active . . . utterly astounds me." ECF No. 33.

██████████████████████████████████████████████████

████████████████████████████████████████████ In reliance on the *in camera* review, the Court finds that Plaintiff has not established that he suffers from profound cognitive and intellectual disabilities. Nor has he demonstrated that he suffers from an impairing condition that is materially more serious than what the Court relied on when his first motion for counsel was denied. ECF No. 20 at 2 (Plaintiff's deficits do not "distinguish him from any number of prisoners who file civil actions in this Court.").[3]

## II. ANALYSIS

### A. Motion to Appoint Counsel

There is no constitutional right to free counsel in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991); see Maroni v. Pemi-Baker Reg'l Sch. Dist., 346 F.3d 247, 257 (1st Cir. 2003); King v. Greenblatt, 149 F.3d 9, 14 (1st Cir. 1998); Barkmeyer v. Wall, C.A. No. 09-430S, 2009 WL 3046326, at *1 (D.R.I. Sept. 22, 2009). Further, there is no funding mechanism for appointed counsel in civil cases. Therefore, the matter is subject to the district court's broad discretion, to be exercised in light of the difficulties in rationing the precious resource of volunteer lawyer services. Sai v. Transp. Sec. Admin., 843 F.3d 33, 35 (1st Cir. 2016). "To qualify for this scarce resource, a party must not only be indigent, but there must also be exceptional circumstances such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights." Choksi v. Trivedi, 248 F. Supp. 3d 324, 328 (D.

---

[3] On reply, in recognition that the produced mental health records do not support his claim of profound cognitive disability, Plaintiff invited the Court to gather his childhood and pre-incarceration adult medical records from an array of third parties, although he does not suggest how such an expensive exercise would be funded. ECF No. 42 at 2-3. The Court declines to accept this invitation. As noted *infra*, the issue is whether there are exceptional circumstances arising from Plaintiff's current ability to represent himself at this phase of this case, the merits of the case and its complexity. The Court responded to Plaintiff's new claim that he is presently profoundly disabled by procuring materials related to his present condition that were available at minimal cost because they were in the possession of defendants. More is not needed.

Mass. 2017) (citing DesRosiers, 949 F.2d at 23); see Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) ("an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel"). In making the exceptional circumstances determination, the Court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and Plaintiff's ability to represent himself. DesRosiers, 949 F.2d at 24.

In denying Plaintiff's first motion to appoint counsel, the Court found that exceptional circumstances were not present despite Plaintiff's claim of mental illness and ignorance of the law, in light of the relatively simple issues presented by the case and Plaintiff's clear and thorough presentation of his claims in his complaint. ECF No. 20 at 2. The motion was denied without prejudice to being renewed in the event that circumstances change. Id.

As of the filing of the renewed motion, there are circumstances that have changed. First, Plaintiff has successfully defeated Defendants' motion to dismiss the complaint based on his failure to exhaust administrative remedies. ECF No. 25. And second, Plaintiff successfully participated in the Rule 16 conference resulting in the entry of a scheduling order. ECF No. 36. However, these changed circumstances reinforce, rather than undermine, the reasoning supporting the Court's original denial of the motion to appoint counsel, when it found that Plaintiff's ability to prosecute his claim *pro se* was adequate. For a third changed circumstance, Plaintiff pressed the Court to consider his intellectual and cognitive deficits, which it has done. However, nothing that the Court saw in its review of the *in camera* records causes it to alter the original determination. Thus, the third DesRosiers factor – the litigant's ability to represent himself – continues to tip against granting Plaintiff's motion to appoint *pro bono* counsel.

The other DesRosiers factors – the merits of the case and the complexity of the legal and factual issues presented – also do not help Plaintiff. DesRosiers, 949 F.2d at 24. Plaintiff has

4

sued over a single incident of excessive force that his complaint makes clear was precipitated by his refusal to cooperate with correctional officers' request that he submit to "cuffing up." ECF No. 1-1 at 1 ("The 2nd time I was asked to cuff up, I did so[.]"). Factually and legally, it is not complex; to the contrary, it presents a simple set of facts governed by well-established law. Nor are the law and facts related to the defense of failure to exhaust complicated, as Plaintiff's success in defeating the motion to dismiss makes clear. Further, since DesRosiers requires the Court at least to consider the case's merits, the Court cannot ignore Plaintiff's admission that his own conduct sparked the incident, as well as that he received medical attention afterwards.[4]

Based on the foregoing, the Court does not find any change in circumstances since the Court's denial of the first motion for counsel sufficient to morph this case into one presenting "exceptional circumstances." Accordingly, Plaintiff's motion to appoint counsel is denied.

B.  **Motion for Reasonable Accommodation**

Plaintiff's alternative assertion that the Court is required by the ADA to afford him an attorney as an "accommodation" is equally unavailing.

Federal courts are not "public entities" subject to the public services provisions of Title II of the ADA. Gulla v. Dennehy, C.A. No. 05-11988-RGS, 2007 WL 923527, at *1 (D. Mass. Mar. 27, 2007); see 42 U.S.C. § 12131(1); Zingher v. Yacavone, 30 F. Supp. 2d 446, 452 (D. Vt. 1997); Melton v. Freeland, No. 1:96CV516, 1997 WL 382054 (M.D.N.C. Feb. 6, 1997). Rather, the ADA public entity definition encompasses only state and local governments. Sheridan v.

---

[4] The Court is not suggesting that a successful excessive force claim is foreclosed when the incident of violence was precipitated by the claimant. See Francisco v. U.S. Marshalls Serv., No. CA 11-231L, 2014 WL 652147, at *4 (D.R.I. Feb. 19, 2014) (force may be applied to prisoner in good-faith effort to maintain or restore discipline; excessive force claim arising from incident precipitated by claimant is viable if force was applied "maliciously and sadistically to cause harm"). Rather, because Plaintiff's claim will fail if the evidence establishes that the correctional officers were facing aggressive resistance from him, the force applied was responsive to his resistance, and, as soon as discipline was restored, he was given medical attention, this case is not one where the merits are so strong as to warrant a finding of exceptional circumstances. See id. at *5.

Michels, 282 B.R. 79, 92 n.15 (B.A.P. 1st Cir. 2002), vacated on other grounds, In re Sheridan, 362 F.3d 96 (1st Cir. 2004).  Additionally, "[f]ederal courts are not subject to the Rehabilitation Act since federal courts are not encompassed in the definition of 'program or activity' to which the statute applies." Sheridan, 282 B.R. at 92 n.15 (citing Melton, 1997 WL 382054, at *1); see Nat'l Ass'n of the Deaf v. Harvard Univ., Case No. 3:15-cv-30023-MGM, 2016 WL 3561622, at *10 n.12 (D. Mass. Feb. 9, 2016) ("federal courts routinely treat Section 504 [of the Rehabilitation Act] and the ADA as imposing parallel requirements that are interpreted substantially identically.") (quoting Bercovitch v. Baldwin Sch., Inc., 133 F.3d 141, 151 n.13 (1st Cir. 1998)).  Based on these principles, even if a claimant suffers from a qualifying disability, courts consistently reject the notion that public agencies, including courts, are required to appoint counsel.  See, e.g., Douris v. New Jersey, No. 12-1010, 2012 WL 4503272, at *3 (3d Cir. Oct. 2, 2012) ("The amended complaint alleges that the New Jersey courts failed to provide him with legal counsel, but there is no requirement under the ADA that courts provide legal counsel for a person with disabilities."); Pinson v. Equifax Credit Info. Servs., Inc., 316 F. App'x 744, 749 (10th Cir. 2009) ("no support" for plaintiff's assertion that the "ADA and Rehabilitation Act required the court to appoint counsel"); Pavel v. Plymouth Mgmt. Grp., Inc., 198 F. App'x 38, 41 (2d Cir. 2006) (appellant did not have a "right to assistance of counsel" for claims brought under the ADA and the Age Discrimination in Employment Act); Kloth-Zanard v. Malloy, No. 3:15-CV-00124 (MPS), 2016 WL 5661977, at *10 (D. Conn. Sept. 29, 2016) (while allegedly disabled claimant has right to counsel, ADA does not obligate agency to appoint and pay for lawyer at hearing).

Based on the foregoing, and assuming without deciding that Plaintiff's impairments impacted a major life activity so that they amount to a disability, Plaintiff's motion for

reasonable accommodation by the appointment of an attorney or an "advocate" is denied because the ADA does not apply to the federal court.

## III. CONCLUSION

Based on the foregoing, Plaintiff's motion to appoint counsel (ECF No. 31) is denied without prejudice to being renewed if circumstances change. Plaintiff's motion for reasonable accommodation of disabilities (ECF No. 32) is denied.

So ordered.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
January 4, 2019